PEOPLE v DUDAS

Docket No. 72266. Submitted February 8, 1984, at Grand Rapids.—
Decided April 17, 1984.

In 1974, Richard L. Dudas pled guilty in Berrien Circuit Court to
a charge of indecent liberties with a female child under 16
years of age and was sentenced to two years probation. Two
weeks prior to that conviction, defendant pled guilty to a
charge of drunk and disorderly conduct and was sentenced to
pay a fine and court costs. In 1983, Dudas made a motion in the
Berrien Circuit Court to set aside his conviction of indecent
liberties, failing to mention the existence of the drunk and
disorderly conduct conviction. The court, William S. White, J.,
granted the motion and entered an order expunging defen-
dant's conviction of indecent liberties. The people appeal. *Held:*

The trial court committed error requiring reversal in setting
aside defendant's indecent liberties conviction. The statute
governing the setting aside of convictions clearly requires that
the offender seeking relief not be convicted of more than one
offense.

Reversed.

Criminal Law — Convictions — Setting Aside of Convictions.

A defendant, to be eligible to have a conviction set aside under
the statute allowing the setting aside of convictions after five
years has passed since the date of conviction, must not have
more than one conviction on his record (MCL 780.621[1]; MSA
28.1274[101][1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prose-
cuting Attorney, and *John T. Burhans,* Assistant
Prosecuting Attorney, for the people.

References for Points in Headnote
21A Am Jur 2d, Criminal Law § 1021.
Judicial expunction of criminal record of convicted adult. 11
ALR4th 956.

Richard Lee Dudas, *in propria persona.*

Before: M. J. KELLY, P.J., and R. M. MAHER and M. P. REILLY,* JJ.

PER CURIAM. The people appeal from the expungement of defendant's conviction for indecent liberties with a female child under 16 (formerly MCL 750.336; MSA 28.568) pursuant to MCL 780.621; MSA 28.1274(101).

The people contend that defendant's prior conviction for being drunk and disorderly, MCL 750.167; MSA 28.364, precludes him from obtaining the relief accorded under MCL 780.621; MSA 28.1274(101). We agree.

MCL 780.621(1); MSA 28.1274(101)(1) clearly requires that the offender seeking relief not be convicted of more than one offense. MCL 750.167; MSA 28.364 is a 90-day misdemeanor. At the time defendant brought his petition, he did not fulfill the statutory prerequisites. Thus, the trial court committed error requiring reversal in setting aside the indecent liberties conviction.

Reversed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.